

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2006

# USA v. Olmeda

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4384

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Olmeda" (2006). *2006 Decisions.* Paper 904.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/904

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4384

UNITED STATES OF AMERICA

v.

MICHELLE OLMEDA,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00136)
District Judge: Honorable Malcolm Muir

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2006

Before: AMBRO, FUENTES and NYGAARD, Circuit Judges

( filed: June 13, 2006  )

OPINION

AMBRO, Circuit Judge

After a downward departure that cut her sentence by more than half, Michelle

Olmeda nonetheless appealed.  We affirm, as the sentence was reasonable and the District

Court properly accounted for all necessary factors in crafting the sentence.

## I. Factual Background and Procedural History

The facts are familiar to the parties, so we give only a brief summary of relevant events.

Michelle Olmeda was a heroin addict. While living in Pennsylvania, she purchased heroin from Eddie Boykins, who was from New Jersey. She introduced Ollie Troxell to Boykins so that Troxell could get heroin more cheaply. Olmeda knew that Troxell resold some of that heroin in central Pennsylvania.

Olmeda moved to Maryland in 2001; she received money transfers from Troxell as a "finder's fee" for introducing him to Boykins. She used the money to support her heroin addiction. In September 2003, Troxell's house was raided, prompting Boykins to stop supplying him with heroin. Olmeda re-introduced Troxell to Boykins, and Troxell's heroin supply line opened again. As a result, Olmeda continued to get money transfers from Troxell.

Law enforcement began reeling in various members of the Pennsylvania heroin network, including Troxell, Boykins, and Olmeda. Olmeda was indicted for conspiracy to possess with the intent to distribute in excess of 1,000 grams of heroin, and pled guilty in June 2004. The initial sentence recommendation was a range of 140 to 175 months, but Olmeda and the Government both moved for a downward departure. The District Court granted an eight-level downward departure and sentenced Olmeda to 70 months'

2

imprisonment (the bottom of the revised 70-to-87-month range). She appeals that sentence.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

We review sentences for reasonableness. *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006).

## III. Discussion

Our first question in the reasonableness determination is whether the District Court considered the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 329. The Court did so expressly in the sentencing hearing.

Our second question, applying a deferential standard, is whether the District Court reasonably applied the § 3553(a) factors to the circumstances of the case. *Id.* at 330. The Court granted an eight-level departure, more than the six-level departure requested by the Government. The Court properly and thoughtfully took into account the § 3553(a) factors in crafting its sentence.

Finally, we decline to review the District Court's decision to deny the further departures requested by Olmeda. *See id.* at 333.

\* \* \* \* \*

We thus affirm the District Court's judgment of sentence.

3